Milton Springut
Tal S. Benschar
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

B. Trent Webb (*pro hac vice*)
Jonathan N. Zerger (*pro hac vice*)
Angel D. Mitchell (*pro hac vice*)
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550)

*Attorneys for Defendants*
*Nike, Inc. and Converse, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
WILLIAM G. CUMMINGS and JAY G. LEVINE,  : Case No.: 08-CV-9860 (SAS)
                                        :
                   Plaintiffs,          :
                                        :
vs.                                     :      USDC SDNY
                                        :      DOCUMENT
CONVERSE, INC. and NIKE, INC.,          :      ELECTRONICALLY FILED
                                        :      DOC #: _____
                   Defendants.          :      DATE FILED: 11/2/09
                                        :
                                        :
------------------------------------- x

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs William G. Cummings and Jay G. Levine and Defendants Converse, Inc. and Nike, Inc. (collectively, the "Parties") believe that in the course of this case certain materials, information, and things discoverable in this case, both from the Parties and from third parties, may consist of trade secrets, proprietary information, confidential research

3659880v2

and development information, financial information, and/or otherwise commercially valuable information that the respective Parties or third parties maintain in confidence in the ordinary course of business (hereinafter, the "Protected Material");

WHEREAS, the Parties believe that good cause exists for the entry of this Stipulated Protective Order, tailored to protect the aforementioned Protected Material, because public disclosure of the Protected Material could cause irreparable financial and competitive harms to the Producing Party and/or third party, or could be of commercial benefit to a competitor of the Producing Party or a third party;

WHEREAS, the Parties therefore request that the Court enter this Stipulated Protective Order; and

WHEREAS, the Court finds that good cause exists for the entry of this Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and **HEREBY ORDERS** that the following terms shall govern Discovery Materials in this case:

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of Protected Material for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, a Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material shall not be used for any other purpose including, without limitation, any business, proprietary, commercial, governmental, or other litigation purpose. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective

Order. This Stipulated Protective Order shall be construed accordingly so as to protect the confidential nature of all Protected Material.

## 2.   DEFINITIONS

**2.1   Party(ies):** Any party to this action and all of its officers, directors, employees, consultants, or agents. In addition, any nonparty may invoke the rights and protections provided to a Producing Party and a Designating Party under this Stipulated Protective Order. The term "Party" and "Parties" include any such nonparties.

**2.2   Discovery Materials:** Documents, things, items, or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in any disclosure or response to discovery in this matter. The term "Discovery Materials" shall also govern Protected Material produced during discovery by any nonparty when the nonparty invokes the rights and protections provided by this Stipulated Protective Order, thereby becoming a Party to it.

**2.3   CONFIDENTIAL Information:** Any Producing Party may designate any Discovery Materials "CONFIDENTIAL" under the terms of this Stipulated Protective Order if such Party in good faith believes that such Discovery Materials contain nonpublic confidential, proprietary, commercially sensitive, or trade secret information. Such CONFIDENTIAL materials may comprise or contain, but are not limited to: (1) trade secrets under applicable law; (2) commercial information (such as business plans, business strategies, market plans, market or demographic research, market penetration, market share, advertising, negotiations, and license agreements); (3) financial information (such as budgeting, accounting, sales figures and advertising expenditures); (4) business relationship information (such as information pertaining

to potential or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries and parents); (5) technical information (such as research and development information, lab notebooks, schematics, block diagrams, system level engineering documents, source code, and inventor notebooks or files); (6) information pertaining to products and product development efforts, concepts, or plans; and (7) patent prosecution information (such as invention disclosures and present or future patent applications).

**2.4** **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information:** Any Producing Party may designate any Discovery Materials "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Stipulated Protective Order if such Party in good faith believes that such Discovery Materials contain highly sensitive information, the disclosure of which could create a substantial risk of serious injury to the business or competitive interests of the Producing Party. Such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials may comprise or contain, but are not limited to, highly sensitive technical information relating to research for and production of current products, technical, business, and research information regarding future products, highly sensitive financial information and marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, customer quotations, and any non-public pending or abandoned patent applications, either foreign or domestic.

**2.5** **Designating Party:** A Party, including a nonparty that invokes the rights and protections provided by this Stipulated Protective Order, that designates Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Stipulated Protective Order.

3659880v2

**2.6** **Producing Party:** A Party, including a nonparty that invokes the rights and protections provided by this Stipulated Protective Order, that produces Discovery Materials in this case.

**2.7** **Receiving Party:** A Party or Retained Expert that receives Discovery Materials from a Producing Party.

**2.8** **Protected Material:** Any Discovery Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY as described herein.

**2.9** **Outside Counsel:** Attorneys who are not employees of a Party but who are specially retained to represent or advise a Party in this action.

**2.10** **In-House Counsel:** Attorneys who are employees of a Party.

**2.11** **Counsel:** Outside Counsel and In-House Counsel (as well as their support staffs).

**2.12** **Expert:** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been specially retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.13** **Professional Vendors:** Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties, third parties, or Counsel to or in court or in other settings that might reveal Protected Material.

4.   **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   **DESIGNATING PROTECTED MATERIAL**

**5.1**  **Manner and Timing of Designations:** Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Sections 5.2 and 5.3), or as otherwise stipulated or ordered, Protected Material must be clearly designated as such. Designation in conformity with this Stipulated Protective Order requires:

(a)   <u>Discovery Materials in documentary form (excluding transcripts from depositions, pretrial, or trial proceedings)</u>: The Producing Party must affix the appropriate legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY on each page of a document or each physical object that contains Protected Material. If such Discovery Materials are originally produced under circumstances where affixing confidentiality designations in such manner is not reasonably practicable, the Producing Party may categorically designate the Protected Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in writing or verbally on the record, then within a reasonable

period of time thereafter reproduce that same Protected Material with the appropriate legend affixed to each page of a document or each physical object that contains Protected Material.

(b) <u>Discovery Materials that comprise testimony given in deposition, pretrial, or trial proceedings</u>: Any Party may designate testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY during the testimony or in writing at any time within thirty (30) days after actual receipt of the transcript by counsel for the Designating Party. In order to afford time for designations to be made, the entire transcript shall be treated as if designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until the expiration of the thirty (30) day period.

Transcripts containing Protected Material must be marked with the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY on the cover of the transcript and/or on the individual pages containing such Protected Material as instructed by the Designating Party.

(c) <u>All other Discovery Materials including ESI and tangible things</u>: The Producing Party must affix in a prominent place on the exterior of the container or containers in which the Discovery Materials are stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

**5.2 Discovery Materials Available for Inspection:** A Party that makes documents or materials available for inspection pursuant to a quick peek agreement need not designate them as Protected Material until after the inspecting Party has indicated which material it would like produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as if designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. After the inspecting Party has identified the documents it would

like produced, the Producing Party must then determine and affix the appropriate designations, if any, to the Discovery Materials in accordance with Section 5.1.

**5.3** <u>**Inadvertent Failure to Designate:**</u>  If timely corrected, an inadvertent failure to designate Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to Section 5.1 does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  If the Discovery Materials are appropriately designated in accordance with Section 5.1 after they were initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to ensure that the materials are thereafter treated in accordance with the provisions of this Stipulated Protective Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

No Party concedes that any material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does, in fact, contain information that is properly designated as such.  A Party may, at any time, move for relief from the provisions of this Stipulated Protective Order with respect to specific material which that Party believes has been improperly designated as Protected Material.  A Party shall not be obligated to challenge the propriety of a Protected Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any Party disagrees at any stage of these proceedings with the designation of Protected Material, the Parties shall try first to resolve such dispute in good faith on an informal basis without Court intervention.  The Party challenging the designation must first provide written notice to Counsel for the Designating Party, explain the basis for its belief that the confidentiality designation is improper, and give the Designating Party at least ten (10) business days to review the confidentiality designation,

8

3659880v2

reconsider the circumstances, and offer to change the designation, explain the justification for the chosen designation, and/or offer an alternative resolution. Within five (5) business days of the Designating Party's response, the Parties shall confer in an effort to resolve their differences. If no agreement is reached, the challenging Party may proceed to the next stage of the challenge process by filing a motion with the Court that identifies the challenged material and sets forth in detail the basis for the challenge. No Party shall object to the filing of the challenged material with the Court under seal in order for the Court to resolve the matter. Until the Court rules on the challenge, all Parties shall continue to afford the challenged material the level of protection to which it is entitled under the Designating Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1** **Basic Principles:** The Receiving Party shall store and maintain Protected Material in a manner and location that ensures access is limited to only the persons authorized under this Stipulated Protective Order. It shall be the responsibility of Counsel for each Party to ensure that persons receiving Protected Material pursuant to this Order know the terms of this Stipulated Protective Order and agree to be bound by them.

**7.2** **Disclosure of Discovery Materials Designated CONFIDENTIAL:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may use or disclose any Discovery Materials designated CONFIDENTIAL only to:

(a) up to three individuals who are themselves a Receiving Party or are officers, directors, and employees of a Receiving Party and disclosure to such individual is reasonably necessary for this litigation;

3659880v2

(b) the Receiving Party's Outside Counsel of record in this action, members of their firm(s), paralegal, clerical, and other regular or temporary employees of such counsel necessary to assist in the conduct of this case for use in accordance with this Stipulated Protective Order;

(c) the Receiving Party's In-House Counsel, paralegal, clerical, and other regular or temporary employees of such counsel reasonably necessary to assist in this conduct of this case for use in accordance with this Stipulated Protective Order;

(d) Experts (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by the Stipulated Protective Order" (Exhibit A), and (3) to whom the procedures set forth in Section 7.4 have been followed, as well as employees of said Experts to whom it is reasonably necessary to disclose the information for this litigation;

(e) the Court and its personnel;

(f) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation with suitable precautions calculated to maintain confidentiality;

(g) during their depositions, witnesses who lawfully received Protected Materials prior to and apart from this lawsuit but only after a proper foundation for such previous knowledge is made; and

(h) the author of the document or the original source of the information and any copied recipients thereof.

**7.3** **Disclosure of Discovery Materials Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:** Unless otherwise ordered by the court or

permitted in writing by the Designating Party, a Receiving Party may disclose Discovery Materials designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to all persons designated in Sections 7.2(b)-(h) above. Information so designated may not be disclosed to persons identified in Section 7.2(a). No information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed to persons identified in Section 7.2(d) until such Expert has complied with the procedures set forth in Section 7.4 below.

**7.4** **Procedures for Approving Disclosure of Protected Material to Experts:** Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose Protected Material to an Expert must first follow the procedures set forth below:

(a) <u>Written Request</u>: The Party seeking to disclose Protected Material must make a written request to the Designating Party that (1) includes a copy of the "Agreement to Be Bound by the Stipulated Protective Order" (Exhibit A) signed by the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence, and (3) attaches a copy of the Expert's current resume, including the Expert's current employer(s).

(b) <u>Written Objection</u>: A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the Expert ten (10) business days after delivering the request unless the Party receives a written objection from the Designating Party within that time period. Any such objection must set forth the grounds on which it is based.

(c) <u>Meet and Confer</u>: A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party may file a motion

seeking a protective order from the Court prohibit the disclosure to the Expert. Such a motion must be filed within seven (7) business days of the failure to reach an agreement. The Party seeking to make the disclosure of the subject Protected Material to the identified Expert shall not disclose such Protected Material to said Expert until the motion for protective order is ruled upon by the Court.

### 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**8.1 Duty to Notify Designating Party:** If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must notify the Designating Party in writing within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**8.2 Duty to Notify Issuing Party:** The Receiving Party must also notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

3659880v2

**8.3** **Purpose of Duties:** The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to seek to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall be responsible for seeking protection in that court for its Protected Materials, and nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Agreement to Be Bound by the Stipulated Protective Order" (Exhibit A). Any such disclosure shall not constitute a waiver of the Producing Party's designation of the Protected Material.

**10.    DISCLOSURE OF PRIVILEGED INFORMATION**

Any Party's production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery under the terms set forth in this Section 10 shall not constitute a waiver of the immunity or privilege.

**10.1** **Quick Peek Agreement:** The Parties may voluntarily agree to follow "quick peek" procedures that allow a Party requesting discovery to conduct an initial examination of data before the Producing Party has reviewed the data set for work product,

privilege, and confidentiality so that the requesting Party can then identify the documents in the data set that it wishes the Producing Party to produce. The Parties agree and the Court hereby orders that any disclosure made pursuant to such a voluntary quick peek agreement between the Parties shall not constitute an express or implied waiver of any work product, privilege, confidentiality, or other protections for the documents in the data set or any other documents; that the reviewing Party shall not discuss the contents of the data set or take any notes during the quick peek review process; that the reviewing Party may select those documents that it believes are relevant to the case; and that, for each selected document, the Producing Party can then either (a) produce the selected document subject to appropriate confidentiality designations, if any, for Protected Material; (b) place the selected document on a privilege log; or (c) place the selected document on a non-responsive log. During the quick peek examination, the data set made available for inspection shall be treated as if designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as provided in Section 5.2.

        10.2    **Clawback Notice:**  Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing within a reasonably prompt time after discovery of the inadvertent production by providing a written "Clawback Notice." Once the Clawback Notice is provided, the Receiving Party shall promptly destroy and delete from any litigation support or other database the Inadvertently Produced Documents and all copies thereof, all notes or other work product of the Receiving Party reflecting the contents of such materials, or, upon request, return such materials to the Producing Party. After receiving the Clawback Notice, the Receiving Party may move the

Court to dispute the claim of privilege and/or immunity. If the Receiving Party elects to file such a motion, the Receiving Party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the Receiving Party reflecting the contents of such materials pending the Court's resolution of the motion. Any Party may present the Inadvertently Produced Documents to the Court under seal in connection with the motion, but the motion shall not assert as a ground therefore the fact or circumstances of the inadvertent production. Unless and until the Court resolves any such motion in favor of the Receiving Party, no use shall be made of such Inadvertently Produced Documents, including at depositions or at trial, and they shall not be disclosed to anyone who was not given access to them before the Producing Party's Clawback Notice. If the Court denies the Receiving Party's motion, the Receiving Party shall promptly comply with the preceding provisions of this Section regarding destruction, deletion, and return. In the event that any Party receives information produced in discovery from another Party that reasonably appears to constitute Inadvertently Produced Documents, the Receiving Party shall promptly notify the Producing Party in writing of the apparently inadvertent production.

    **10.3**   **Fed. R. Evid. 502 Protections:**   The Court hereby orders pursuant to Federal Rule of Evidence 502 that there is no waiver of privilege or work-product protection in this matter or any other matter in any other jurisdiction for any document produced under this Section 10, whether the document was produced as part of a voluntary quick peek agreement between the Parties or was produced inadvertently following review.

  **11.**   **FILING PROTECTED MATERIAL/USE IN COURT PROCEEDINGS**

    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any

Protected Material. In the event any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is used in any court proceeding, it shall not lose its designated status and the Parties shall take all steps reasonably required to protect the confidentiality of the information during that use including filing said information under seal.

**12.   FINAL DISPOSITION**

The provisions of this Stipulated Protective Order and the Court's authority to enforce it shall survive the conclusion of this case, and shall remain in effect until the Producing Party agrees otherwise in writing or a court order directs otherwise. The Court shall retain jurisdiction over the Parties and Counsel as necessary to enforce this Stipulated Protective Order. Unless otherwise ordered or agreed in writing by the Producing Party, each Receiving Party must return or destroy all Protected Material to the Producing Party within sixty (60) calendar days after the final termination of this action. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon written request from the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that all Protected Material have been returned or destroyed by the sixty-day deadline. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

**13.   MISCELLANEOUS**

**13.1   Right to Further Relief:** Nothing in this Stipulated Protective Order abridges the right of any person to seek modification of this Stipulated Protective Order by the Court in the future or to seek further protective orders in the future.

**13.2   Right to Assert Other Objections:** By agreeing to the entry of this Stipulated Protective Order, a Party does not waive any right it would otherwise have to object to disclosing or producing any information or item. Similarly, a Party does not waive any right to object on any ground to use Protected Material in evidence.

**13.3   Exemptions:** The restrictions and obligations set forth herein shall not apply to any information that (a) the Parties agree should not be designated as Protected Material; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party. Further, the restrictions and obligations set forth herein shall not be deemed to prohibit discussions of any Confidential Information with any person that already has or obtains legitimate possession thereof.

**13.4   Counsel's Right to Provide Advice:** Nothing in this Order shall bar or otherwise restrict Counsel from rendering advice to Counsel's client with respect to this action and, in the course thereof, relying upon an examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with the client, Counsel shall not disclose any Protected Material, nor the source of any Protected Material, to anyone not authorized to receive such Protected Material pursuant to the terms of this Order.

**13.5** <u>Violations</u>: A Party believing there has been a violation of this Order by any other Party must provide written notice of such belief to all other Parties. The Parties thereafter shall informally attempt to resolve the matter promptly, but the responding Party shall have at least five (5) business days to investigate the assertion. If the Parties are unable to resolve the issue, then the Party asserting that a violation occurred shall move the Court for relief and give written notice to all Parties of its intent to so move.

Dated: ~~September 25, 2009~~ October 30, 2009      (by JNZ w/ consent)

Respectfully submitted,

By: _____
Ira Meyerowitz
Jon D. Jekielek
Meyerowitz Jekielek PLLC
347 Fifth Avenue, Suite 1300
New York, NY 10016
Telephone: (212) 686-7006
Fax: (212) 686-7113
Email: jon@mjlawfirm.com
Email: ira@mjlawfirm.com

*Counsel for Plaintiffs William G. Cummings and Jay G. Levine*

By: _____
Milton Springut
Tal S. Benschar
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, NY 10022
Telephone: (212) 813-1600
Fax: (212) 813-9600
Email: MS@creativity-law.com
Email: tbenschar@creativity-law.com

B. Trent Webb (*admitted pro hac vice*)
Jonathan N. Zerger (*admitted pro hac vice*)
Angel D. Mitchell (*admitted pro hac vice*)
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Fax: (816) 421-5547
Email: bwebb@shb.com
Email: jzerger@shb.com

*Counsel for Defendants Nike, Inc. and*

18

3659880v2

*Converse Inc.*

IT IS SO ORDERED, with the consent of the parties this 2 day of Nov, 2009

_____
The Honorable Shira A. Schiendlin
United States District Judge

## EXHIBIT A

## AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order entered by the United States District Court for the Southern District of New York in the case *Cummings v. Converse, Inc.*, Case No. 08-CV-9860 (SAS). I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of the case.

Signature:_____

Printed Name:_____

Date:_____

3659880v2